

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

March 24, 2021

**BY ECF & HAND**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
New York, New York 10007

     **Re:** *United States v. Daniel Gonzalez* S1 18 Cr. 669 (JPO)

Dear Judge Oetken:

The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for April 2, 2021 at 11 a.m. For the reasons explained below, the Government submits that a custodial sentence is warranted, but the Government does not oppose a sentence below the applicable Guidelines range of 78 to 97 months' imprisonment (the "Stipulated Guidelines Range").

**A. Factual Background**

     1. <u>The Offense Conduct</u>

The relevant offense conduct is set forth in part in the Pre-Sentence Report ("PSR"). In brief, the defendant was a member of a violent criminal gang known as the "2200 Block Crew" operating out of an apartment building in the southwest Bronx (the "Apartment Building"). ¶ 32. Members and associates of the 2200 Block Crew engaged in, among other activities, acts involving murder, robbery and narcotics trafficking, and operated throughout the Bronx. *Id.*

The 2200 Block Crew also engaged in acts of violence in order to protect their drug territory, including a murder and robbery which took place in September 2017, as well as multiple shootings, robberies, attempted murders and assaults against their rivals and their own narcotics customers. ¶ 33. Certain vacant apartments, as well as the basement of the apartment building served as stash spots for guns and drugs for members of the 2200 Block Crew. *Id.* Beginning in at least 2017, the 2200 Block Crew engaged in retaliatory acts of violence with the Grand Concourse Crew, a rival drug trafficking crew that operated in the vicinity of 182nd Street and Grand Concourse in the Bronx. *Id.* Additionally, the 2200 Block Crew promoted and celebrated their criminal conduct, in music and on social media, specifically narcotics distribution, acts involving violence, and the use of firearms. *Id.*

As part of his membership in the instant narcotics conspiracy, the defendant sold crack and heroin, in individual use amounts, out of the lobby of 2200 Morris Avenue to end users.

During the investigation, an undercover NYPD officer made three control buys, totaling approximately 3 grams of crack and 1 gram of heroin, from the defendant. *See* ¶ 50.

On or about April 10, 2019, a grand jury returned a superseding indictment charging the defendant with conspiracy to distribute heroin, cocaine, crack and marijuana from at least 2017 through April 2019, in violation of 21 USC 841(a)(1), 841(b)(1)(A), 841(b)(1)(D) and 846.

### 2.   The Plea Agreement

On or about September 21, 2020, the defendant pleaded guilty pursuant to a plea agreement to the lesser included offense of conspiracy to distribute at least 280 but less than 840 grams of cocaine base and a quantity of heroin in violation of 21 USC 841(b)(1)(C). The plea agreement calculated the offense level as 27, the Criminal History Category as II, and the Stipulated Guidelines Range as 78 to 97 months' imprisonment.

## B.   The Presentence Report

The PSR recommends a sentence within the Stipulated Guidelines Range of 78 months' imprisonment. PSR at 26-27. The PSR acknowledged that the defendant experienced a difficult upbringing, has several health issues (including high cholesterol, asthma, chronic deep vein thrombosis, and pulmonary embolism), and a history of mental illness including bipolar disorder. *Id.* at 27. The PSR nonetheless notes that the defendant served as a drug dealer for the 2200 Block Crew, has prior convictions for attempted criminal possession of a firearm and petit larceny, and poses a higher risk of recidivism. *Id.*

## C.   The Defense Submission

The defense submission dated March 19, 2021 (the "Def. Submission") seeks a sentence of time served—approximately 28 months' imprisonment. The defense submission notes that the defendant was neglected by his parents, placed into foster care, and physically abused as a child. He further suffers from substance abuse and a number of physical and mental health problems. The defendant also played a lesser role in the charged conspiracy as a street level dealer who committed no acts of violence on behalf of the 2200 Block Crew.

## D.   Discussion

### *1.   Applicable Law*

As the Court is well aware, the Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall* v. *United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider not only the Guidelines, but also the six other factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing

(as set forth below); (3) "the kinds of sentences available"; (4) any relevant policy statement by the Sentencing Commission; (5) "the need to avoid unwarranted sentence disparities among defendants"; and (6) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 552 U.S. at 50 & n.6. In determining the appropriate sentence, the Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>  (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B)   to afford adequate deterrence to criminal conduct;
>  (C)   to protect the public from further crimes of the defendant; and
>  (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2.   A Custodial Sentence Is Appropriate in this Case

For the reasons set forth below, the Government submits that a significant custodial sentence is warranted particularly in light of the seriousness of the offense and the defendant's criminal history. Although a sentence of time served would be insufficient to adequately address the purposes of punishment, given the presence of certain mitigating factors, the Government does not oppose a sentence below the applicable Guidelines range.

### a.   The Nature and Circumstances of the Offense and the Need for the Sentence Imposed to Reflect the Offense's Seriousness

First, a substantial custodial sentence is necessary to reflect the seriousness of the offense. The 2200 Block Crew of which the defendant was a part terrorized an entire neighborhood of the Bronx for nearly two years with violence, murder, and narcotics dealing. The defendant personally sold heroin and crack on behalf of the gang and distributed these lethal narcotics into the same community in which he lived. In so doing, the defendant benefitted from the protection that came with his association with a violent crew, thus setting him apart from drug dealers who peddle their wares without involving themselves with violent organizations. Although the defendant did not personally participate in acts of violence and appears to have sold a lesser quantity of narcotics than his co-defendants, he nevertheless benefitted from being part of a broader violent organization. Through his conduct, the defendant's narcotics dealing not only furthered the cycles of addiction that have wracked neighborhoods like the Bronx for years, but also financially contributed to the operations of the 2200 Block Crew. That conduct merits a significant prison sentence. Nevertheless, because the defendant did not personally engage in violence and because the defendant sold a relatively small percentage of the organization's narcotics, the Government recognizes that the Guidelines range in this case somewhat overstates the defendant's relative culpability.

### b.  The Defendant's History and Characteristics

Second, the defendant's history and personal characteristics warrant a custodial sentence. This is the defendant's third felony conviction. His first conviction, at the age of 19, arose from his illegal possession of a loaded firearm. PSR ¶ 82. He was sentenced to a term of one year's imprisonment. *Id.* Rather than get his life back on track following that conviction, however, he committed petit larceny the next year, in October 2016, and joined the instant narcotics conspiracy soon afterwards. *Id.* at ¶ 83.  This history of criminal conduct demonstrates that the defendant has not been deterred by prior convictions or incarceration from returning to criminal conduct.  As such, a significant period of incarceration, beyond time served, is needed in order to deter the defendant from additional criminal conduct and to protect the public from future crimes of this defendant.

The Government recognizes, however, that the defendant's difficult personal background, as compellingly detailed in the defense submission, presents significant mitigating circumstances. The drug addiction and physical abuse that surrounded the defendant as a child undoubtedly contributed to his entry into criminal activity as an adult.  Together with his relatively lower culpability in the current offense, the Government believes that these mitigating factors warrant a below-Guidelines sentence.  Given the seriousness of the offense conduct and the defendant's criminal history, however, a sentence of time served would be inadequate and would not promote respect for the law.  Accordingly, the Government respectfully submits that a substantial period of incarceration below the Guidelines range would be fair and appropriate in this case.

## E.  Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a custodial sentence, but the Government does not oppose a sentence below the applicable Guidelines range.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Mathew S. Andrews
Assistant United States Attorney
(212) 637-6526